1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JAY L. SCHNEIDER, et al.,

12            Plaintiffs,                    No. CIV S 12-2457 KJM JFM

13        v.
                                             ORDER
14   COUNTY OF SACRAMENTO, et al.,

15            Defendants.
     _____/

16

17            Defendant Bieber's motion to dismiss the complaint is pending before the court.

18   The court submitted the motion without argument and now GRANTS the motion, giving plaintiff

19   leave to file a amended complaint.

20   I. BACKGROUND AND ALLEGATIONS OF THE COMPLAINT

21            On September 27, 2012, plaintiffs Jay Schneider, Susan Schneider, Jake

22   Schneider, Leland A. Schneider, Katherine Schneider, Leland H. Schneider, and Jared Schneider

23   (collectively, "plaintiffs" or "Schneiders") filed a complaint raising two civil rights claims

24   against the County of Sacramento, Roger Dickinson, Robert Sherry, Jeff Gamel, Cindy Storelli,

25   Leighann Moffitt, Tammy Derby, Carl Simpson, and David Bieber.  Complaint, ECF No. 1.

26   Plaintiffs allege that they own the Schneider Ranch and have continuously conducted mining

                                             1

1  operations as the Schneider Historic Mine ("Mine") since the mid-1930s, but that the defendants

2  have used their official positions to shut down the Mine at the behest of plaintiffs' competitors.

3  ECF No. 1 ¶ 3-5.   They allege that defendants' actions violated the due process and equal

4  protection clauses of the Fourteenth Amendment, the Takings/Due Process Clause of the Fifth

5  Amendment, and substantive due process.

6          On May 20, 2013, defendants County of Sacramento, Derby, Dickinson, Moffitt,

7  Sherry, Simpson, and Storelli answered the complaint.   ECF Nos. 28-35.

8          On June 5, 2013, defendant Bieber filed a motion to dismiss, arguing that the

9  claims against him are barred by the *Noerr-Pennington* doctrine, that he did not act under color

10  of state law and that the complaint did not allege his personal participation in constitutional

11  violations.  ECF No. 37.

12          On June 26, 2012, plaintiffs filed a first amended complaint and on June 28, 2013,

13  filed their opposition to the motion to dismiss.  ECF Nos. 39, 40.   On July 11, 2013, the court

14  struck the First Amended Complaint for plaintiffs' failure to seek leave to file it or secure a

15  stipulation from the parties.

16          The following allegations are taken from the complaint:  Plaintiffs own, and

17  Joseph Hardesty operates, the Mine which is located in Sacramento County.  ECF No. 1

18  ¶¶ 10-16, 27.   Plaintiffs have a vested right to mine their property.  ECF No. 1 ¶¶ 42, 45, 50.  In

19  April 2008, an agent of plaintiffs' competitor, Teichert Aggregates, told plaintiffs and Hardesty

20  that Teichert was going to put them out of business.  ECF No. 1 ¶ 61.   After Teichert

21  representatives contacted government officials, the defendants, and other government employees

22  not named as defendants, undertook inspections and evaluations of the Mine operations in an

23  attempt to find environmental, zoning, and mining violations.  ECF No. 1 ¶¶ 62-72, 79.  The

24  Sacramento County Board of Supervisors' resolution of plaintiffs' appeal from a finding of

25  zoning violations essentially shut down the Mine.  ECF No. 1 ¶¶ 107-108.

26  /////

1          In November 2009, the County entered into a contract with Geocon Consultants

2   "to build a case against the Schneider Historic Mine" and to provide litigation assistance with

3   respect to pit capture, slope stability, adequacy of overburden and topsoil, and the adequacy of

4   the Financial Assurance Cost Estimate (FACE).  ECF No. 1 ¶¶ 117-118.  The contract required

5   Geocon and defendant Bieber, its employee, to keep its services and work product confidential

6   and subject to the attorney-client privilege.  ECF No. 1 ¶ 117.   Under a revised contract, Bieber

7   assisted the County in inspecting the Mine and issued a nine-page report, recommending that

8   plaintiffs should increase the financial assurance deposit because of certain problems he

9   discovered at the Mine.  ECF No. 1 ¶ 121.   Thereafter the County Code Enforcement office sent

10  a notice directing plaintiffs to comply with the Bieber determination.  ECF No. 1 ¶ 122.

11          Plaintiffs allege that the defendants, including defendant Bieber, acted

12  maliciously, willfully, knowingly and in bad faith, with an intent to drive plaintiffs out of

13  business.  ECF No. 1 ¶¶ 191, 197, 202.

14  II.  STANDARDS FOR A MOTION TO DISMISS

15          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

16  dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

17  dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

18  under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

19  1990).

20          Although a complaint need contain only "a short and plain statement of the claim

21  showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a

22  motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

23  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

24  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

25  something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

26  "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"

1   *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion

2   to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court

3   to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry

4   focuses on the interplay between the factual allegations of the complaint and the dispositive

5   issues of law in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

6          In making this context-specific evaluation, this court "must presume all factual

7   allegations of the complaint to be true and draw all reasonable inferences in favor of the

8   nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule

9   does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*,

10  478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that

11  contradict matters properly subject to judicial notice," or to material attached to or incorporated

12  by reference into the complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

13  2001).  A court's consideration of documents attached to a complaint or incorporated by

14  reference or matter of judicial notice will not convert a motion to dismiss into a motion for

15  summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

16  III.  ANALYSIS

17         Bieber alleges that his actions were protected by the *Noerr-Pennington* doctrine,

18  that he is not a state actor for purposes of the Civil Rights Act, and that he was not involved in

19  the actions taken against plaintiffs, as his only actions were inspecting and writing a report.  ECF

20  No. 37 at 12.  Plaintiffs challenge the legal arguments and rely on their amended complaint to

21  show that they have stated a claim.  Although the court has stricken the First Amended

22  Complaint, it will consider the allegations in determining whether to grant plaintiffs leave to

23  amend.

24         A.  *Noerr-Pennington Doctrine*

25         The *Noerr-Pennington* doctrine derives from the First Amendment clause

26  guaranteeing "the right of the people . . . to petition the Government for a redress of grievances."

4

1   *Sosa v. DIRECTV, Inc*., 437 F.3d 923, 929 (9th Cir. 2005). Although it originally protected those

2   who petition the legislature from being vulnerable to antitrust liability, it now applies more

3   broadly, covering the petitioning of any branch of government, including litigation activities

4   before courts and administrative tribunals.   *Theme Promotions Inc, v. News Am. Marketing FSI*,

5   546 F.3d 991, 1006-07 (9th Cir. 2008); *Fischer Sand & Aggregate Co. v. City of Lakeville*,

6   874 F.Supp. 957, 959 (D. Minn. 1994) (extending immunity to government officials' opposition

7   to request for new zoning designation); *California Motor Transp. Co. v. Trucking Unlimited*,

8   404 U.S. 508, 510-11 (1972) (extending the doctrine to activities before administrative

9   tribunals).  The Ninth Circuit has described the doctrine as "a generic rule of statutory

10  construction, applicable to any statutory interpretation that could implicate the rights protected

11  by the Petition Clause."  *Sosa*, 437 F.3d at 931.  "[T]he First Amendment rationale of the *Noerr-*

12  *Pennington* doctrine extends beyond anti-trust suits to civil rights actions as well.  Thus, activity

13  protected by *Noerr-Pennington* cannot form the basis of section 1983 liability."  *Boulware v.*

14  *State of Nev., Dep't of Human Resources*, 960 F.2d 793, 800 (9th Cir. 1992).

15          While "petitioning" literally refers to communications directed toward a court,

16  protecting the First Amendment right to petition requires that courts also give "breathing space"

17  to speech made outside of court but that is related to litigation.  *Sosa*, 437 F.3d at 932.  Thus, the

18  *Noerr-Pennington* doctrine applies to "conduct incidental to the prosecution of the suit, such as

19  pre-suit demand letters, *id*. at 925, and other actions "'undertaken in the course of representing a

20  client in litigation.'"  *Ungureanu v. A. Teichert & Son*, No. CIV S–11–0316 LKK GGH PS, 2012

21  WL 1108831, at *7 (E.D. Cal. Apr. 2, 2012) (quoting *Lynn v. Friedenthal*, No. CV

22  09–08717–PSG (VBK), 2011 WL 6960823, at *7 (C.D. Cal. Dec. 2, 2011)).  Thus, "'conduct

23  incidental to' a petition is protected by *Noerr-Pennington* if the petition itself is protected."

24  *Freeman v. Lasky, Hass & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (quoting *Theofel v.*

25  *Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004)).

26  /////

1          In this case, however, the only suggestion that there was any petitioning involved

2    in Bieber's actions is the complaint's single reference to Geocon's role in providing litigation

3    assistance.  Though the complaint does identify activities by the District Attorney's Office, the

4    Board of Supervisors and the Board of Zoning appeals, the complaint does not connect Bieber's

5    inspection to any of those proceedings.  Indeed, the complaint appears to tie the results of

6    Bieber's inspection only to the increase in plaintiffs' FACE, not to any litigation, whether before

7    a court or an administrative tribunal.  Bieber's claim for *Noerr-Pennington* immunity cannot be

8    resolved at this stage of the litigation.  *See Buzayan v. City of Davis*, No. 2:06-cv-1576

9    MCE-DAD, 2009 WL 514201, at *7 (E.D. Cal. Feb. 26, 2009).  The motion to dismiss on this

10   ground is denied.[2]

11                 B.  Color of State Law

12         Bieber argues he cannot be a defendant in a civil rights action because he is not a

13   government official and was not acting under color of state law.  Plaintiffs counter that Bieber's

14   activities are sufficiently intertwined with governmental activities so that he is deemed to be a

15   state actor for purposes of this action.

16         To state a claim under section 1983, a plaintiff must plead that the defendant

17   acted under color of state law to deprive him of a federally protected right.  *Gomez v. Toledo*,

18   446 U.S. 635, 640 (1980).  A defendant has acted under color of state law when he or she has

19   "exercised power possessed by virtue of state law and made possible only because the

20   wrongdoer is clothed with authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988)

21   (internal quotation omitted).  Generally private parties do not act under color of state law.  *See*

22   *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991).  However, in *West*, the Supreme Court

23   held that a doctor who contracted with the State of North Carolina to provide medical services to

24   _____

25        [2]  It is troubling, as defendant notes, that plaintiffs' now-stricken amended complaint
     attempted to back away from the claim that Bieber's company was retained for litigation
26   purposes.  Counsel is cautioned that all pleadings are governed by Rule 11 of the Federal Rules
     of Civil Procedure.

prison inmates acted under color of state law even though he was not a state employee because his "conduct is fairly attributable to the State." *West*, 487 U.S. at 54.   The court recognized that the form of the relationship ws not determinative because whether the doctor was a state employee or worked under contract, he was hired by the state to perform a state function.  *Id*. at 55-56.   Moreover, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and are subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).

Plaintiffs have alleged here that in accordance with a revised contract, Bieber conducted an inspection of the Mine and wrote a report recommending that the County increase plaintiffs' FACE. ECF No. 1 ¶¶ 122-123, 125, 182.[3]   As plaintiffs have suggested, the mine inspection described in the complaint is a government function, which Bieber could not have undertaken as a private individual.  *See, e.g.*, CAL. PUB. RES. CODE § 2774(b) (noting that the lead agency may inspect a mine or cause it to be inspected by state licensed professionals). Plaintiffs have adequately pleaded that Bieber acted under color of state law.

C.  Personal Participation

Bieber argues that the complaint is deficient as it does not allege he had any role in the proceedings that caused the alleged deprivation of plaintiffs' rights.

A defendant is liable for a civil rights violation only upon a showing of his personal participation in the acts causing the deprivation of rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiffs have alleged only that defendant Bieber participated in an inspection and wrote a report, but have not tied him to the changes in the zoning and FACE and other actions they claim have driven them out of business.   Even the improperly-filed First Amended Complaint says that it was defendant Gammel who increased the FACE, albeit on

---

[3]  The numbering of the paragraphs in the complaint jumps from 127 to 181.

1  Bieber's recommendation, and that County Code Enforcement sent a notice to plaintiffs asking

2  for an additional FACE deposite, again on Bieber's recommendation.   ECF No. 39 ¶¶ 183, 188,

3  192-194.   Although this pleading is insufficient, plaintiffs will be given leave to amend, if they

4  can do so consonant with Rule 11 of the Federal Rules of Civil Procedure.

5              D.  Punitive Damages

6              Defendant argues that the punitive damage allegations are not supported and

7  should be stricken.

8              Punitive damages are available in a civil rights action under § 1983 when

9  defendants' conduct "is shown to be motivated by evil motive or intent, or when it involves

10  reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*,

11  461 U.S. 30, 56 (1983).  In light of the fact that plaintiffs are being given leave to amend their

12  complaint as to defendant Bieber,  any evaluation of their claim for punitive damages is

13  premature. Defendant's motion in this respect is denied without prejudice.

14              IT IS THEREFORE ORDERED that:

15              1.  Defendant Bieber's motion to dismiss, ECF No. 37, is granted; and

16              2.  Plaintiffs' amended complaint is due within twenty-one days of the date of this

17  order.

18  DATED:  July 31, 2013.

19

20  _____

21  UNITED STATES DISTRICT JUDGE

22

23

24

25

26