1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH HARDESTY, et al.,                   No. 2:10-CV-002414-KJM-KJN

12                 Plaintiffs,

13          v.

14   SACRAMENTO METROPOLITAN AIR
     QUALITY MANAGEMENT DISTRICT,
15   et al.,

16                 Defendants,

17

18                                             No. 2:12-CV-002457-KJM-KJN

19   JAY SCHNEIDER,

20                 Plaintiff,

21          v.                                 **FURTHER AMENDED STATUS**
                                               **(PRETRIAL SCHEDULING) ORDER**
22   COUNTY OF SACRAMENTO, et al.,

23                 Defendants,

24

25          A scheduling conference was held in these cases on September 18, 2014. G. David

26   Robertson appeared telephonically for the Hardesty plaintiffs; Richard Ross appeared for the

27   Schneider plaintiffs; Mark O'Dea appeared for the Sacramento County defendants; David

28
                                      1

1    Alderson appeared telephonically for defendants Dennis O'Bryant, Gay Norris, Steve Testa, and

2    Curt Taras; Jeff Reich appeared for defendant Liz Gregory.  A separate scheduling conference for

3    defendant Bieber in the severed *Schneider* case was scheduled for October 2, 2014, but was

4    vacated.

5                    The court issued an amended status (pretrial scheduling) order on September 23,

6    2014.  ECF No. 193.  In that order the court required the parties to submit a stipulation and

7    proposed discovery scheduling order for the cases consolidated under No. 2:10-cv-02414-KJM-

8    KJN, the *Hardesty* case, and for Mr. Bieber, the sole defendant severed in No. 2:12-cv-02457-

9    KJM-KJN, the *Schneider* case.  The parties were ordered to file this schedule no later than

10   October 6, 2014.  In the same order the court also informed the parties it had vacated a conference

11   set for Mr. Bieber in the severed *Schneider* case; had required Mr. Bieber to meet and confer with

12   the parties in the *Hardesty* case to coordinate discovery; and had required Mr. Bieber to submit no

13   later than October 8, 2014, if necessary, a proposed schedule alternative to that submitted by the

14   parties in the Hardesty case.

15                   On October 6, 2014, Joe and Yvette Hardesty, acting through counsel, filed a

16   proposed schedule.  ECF No. 194.  The proposed schedule explained the parties had been unable

17   to reach agreement on a schedule along the lines contemplated by the court in its September 23,

18   2014 order.  Nevertheless, the proposed schedule included dates to match those contemplated in

19   the September 23, 2014 order: a discovery cut-off date of March 6, 2015, a deadline for the

20   hearing of dispositive motions on July 8, 2015, and a trial on October 5, 2015.

21                   On October 7, 2014, all other parties in the *Hardesty* case submitted a proposed

22   schedule, ECF No. 195, one day after the deadline imposed in the court's September 23, 2014

23   order.  The court reminds the parties that "[f]ailure of counsel or of a party to comply with . . .

24   any order of the Court may be grounds for imposition by the Court of any and all sanctions

25   authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  The

26   proposed schedule recommended, among other deadlines, a discovery cut-off date of July 7,

27   2015, a deadline for the hearing of dispositive motions in January of 2016, and a trial in April or

28   May of 2016.

1    On October 8, 2014, defendant Bieber submitted a proposed schedule for the

2    severed *Schneider* case.  ECF No. 88.  It was essentially identical to the schedule proposed on

3    October 7, 2014 by the parties other than Joe and Yvette Hardesty.

4    After considering the parties' positions and proposed schedules, the court orders as

5    follows.

6    I.    SERVICE OF PROCESS

7    All named defendants have been served and no further service is permitted without

8    leave of court, good cause having been shown.

9    II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

10    No further joinder of parties or amendments to pleadings is permitted without

11    leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth*

12    *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

13    III.    JURISDICTION/VENUE

14    Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C.

15    § 1983.  Jurisdiction and venue are not disputed.

16    IV.    DISCOVERY

17    Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be

18    completed by **November 21, 2014**.  All discovery shall be completed by **July 7, 2015**.  In this

19    context, "completed" means that all discovery shall have been conducted so that all depositions

20    have been taken and any disputes relative to discovery shall have been resolved by appropriate

21    order if necessary and, where discovery has been ordered, the order has been obeyed.  All

22    motions to compel discovery must be noticed on the magistrate judge's calendar in accordance

23    with the local rules of this court.  While the assigned magistrate judge reviews proposed

24    discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as

25    discussed in more detail below.  In addition, while the assigned magistrate judge handles

26    discovery motions, the magistrate judge cannot change the schedule set in this order, even in

27    connection with a discovery matter.

28    ////

3

1    V.    DISCLOSURE OF EXPERT WITNESSES

2            Expert disclosures in the *Hardesty* case were completed before consolidation.

3    Unless otherwise allowed by the court, no further expert disclosures may be made by the parties

4    remaining in the *Hardesty* case, specifically Joseph Hardesty, Yvette Hardesty, Cindy Storelli,

5    Leighann Moffit, Dennis O'Bryant, Gay Norris, Steve Testa, Liz Gregory, Curt Taras,

6    Sacramento County, and Robert Sherry.  This prohibition does not apply to the ability of

7    Sacramento County, Cindy Storelli, Leighann Moffit, and Robert Sherry to disclose experts as to

8    claims and defenses made in the partially consolidated *Schneider* case.

9            If permitted under the prohibition described in the previous paragraph, all counsel

10   are to designate in writing, file with the court, and serve upon all other parties the name, address,

11   and area of expertise of each expert that they propose to tender at trial not later than **May 18,**

12   **2015**.  The designation shall be accompanied by a written report prepared and signed by the

13   witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **June 8, 2015**, any party

14   who previously disclosed expert witnesses may submit a supplemental list of expert witnesses

15   who will express an opinion on a subject covered by an expert designated by an adverse party, if

16   the party supplementing an expert witness designation has not previously retained an expert to

17   testify on that subject.  The supplemental designation shall be accompanied by a written report,

18   which shall also comply with the conditions stated above.

19           Failure of a party to comply with the disclosure schedule as set forth above in all

20   likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

21   witness not appearing on the designation will not be permitted to testify unless the party offering

22   the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

23   anticipated at the time the list was proffered; (b) that the court and opposing counsel were

24   promptly notified upon discovery of the witness; and (c) that the witness was promptly made

25   available for deposition.

26           For purposes of this scheduling order, an "expert" is any person who may be used

27   at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which

28   include both "percipient experts" (persons who, because of their expertise, have rendered expert

4

opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **July 7, 2015**.

VI.     MID-LITIGATION STATUS

A mid-litigation status conference will be held on **July 30, 2015**.  At the status conference, the parties shall be prepared to discuss (1) the number of motions for summary judgment and summary adjudication anticipated; (2) the deadlines for filing such motions, related oppositions, and replies; (3) whether the parties are able to file consolidated dispositive motions; and (4) the potential for settlement.

VII.    MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 18, 2015**.   The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

1    the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

2    652-53 (9th Cir. 1994).

3              The court places a page limit of twenty (20) pages on all moving papers, twenty

4    (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases

5    must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of

6    the motion.

7              Prior to filing a motion in a case in which the parties are represented by counsel,

8    counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the

9    contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate

10   the defendant's contentions as to deficiencies in the complaint and in many instances the party

11   considering a motion should agree to any amendment that would cure a curable defect.  Counsel

12   should discuss the issues sufficiently so that if a motion of any kind is filed, including for

13   summary judgment, the briefing is directed only to those substantive issues requiring resolution

14   by the court.  Counsel should resolve minor procedural or other non-substantive matters during

15   the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**

16   **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**

17   **confer efforts.**

18             The parties are reminded that a motion in limine is a pretrial procedural device

19   designed to address the admissibility of evidence.  The court looks with disfavor upon

20   dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions

21   in limine.  Although all motions in limine must be filed in conjunction with the joint pretrial

22   statement, the court will hear only those motions it has identified to counsel before the hearing

23   date.

24             The parties are cautioned that failure to raise a dispositive legal issue that could

25   have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off

26   date may constitute waiver of such issue.

27   ////

28   ////

6

1    VIII.   <u>SEALING</u>

2              No document will be sealed, nor shall a redacted document be filed, without the

3    prior approval of the court.  If a document for which sealing or redaction is sought relates to the

4    record on a motion to be decided by Judge Mueller, the request to seal or redact should be

5    directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be

6    governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the

7    discovery phase of litigation shall not govern the filing of sealed or redacted documents on the

8    public docket.  The court will only consider requests to seal or redact filed by the proponent of

9    sealing or redaction.  If a party plans to make a filing that includes material an opposing party has

10   identified as confidential and potentially subject to sealing, the filing party shall provide the

11   opposing party with sufficient notice in advance of filing to allow for the seeking of an order of

12   sealing or redaction from the court.

13   IX.    <u>FINAL PRETRIAL CONFERENCE</u>

14             The Final Pretrial Conference is set for **March 31, 2016**, at 3:30 p.m.  At least one

15   of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

16   Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to

17   attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the

18   case and equal authorization to make commitments on behalf of the client.

19             Counsel for all parties are to be fully prepared for trial at the time of the Final

20   Pretrial Conference, with no matters remaining to be accomplished except production of

21   witnesses for oral testimony.  The parties shall confer and file a joint pretrial conference

22   statement by **March 10, 2016**.  The provisions of Local Rule 281 shall apply with respect to the

23   matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local

24   Rule 281(b), the parties are to provide the court with the following:

25             - A plain, concise statement that identifies every non-discovery motion previously

26   tendered to the court and its resolution.

27             - A concise, joint list of undisputed core facts that are relevant to each claim.

28   Disputed core facts should then be identified in the same manner.  The parties are reminded not to

identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree on the core disputed facts, they should nevertheless list core disputed facts in the above manner.

      - Concise lists of disputed evidentiary issues that will be the subject of a party's motion *in limine*.

      - Each party's points of law, which concisely describe the legal basis or theory underlying their claims and defenses.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument with any point of law; the parties may include concise arguments in their trial briefs.

      - A joint statement of the case in plain concise language, which will be read to the jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

      - The parties' position on the number of jurors to be impaneled to try the case.

      Discovery documents to be listed in the pretrial statement shall not include documents to be used only for impeachment and in rebuttal.

      The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

      Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be then listed as A-3, A-4, A-5 etc.  All multi-page exhibits shall be stapled or otherwise fastened

together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

---

[1]  "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-69 (9th Cir. 1985).

Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel shall submit to chambers the word processable version of the Statement, in its entirety (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

X.      TRIAL SETTING

The jury trial is set for **April 25, 2016** at 9:00 a.m.  The parties estimate a trial length of approximately three weeks.  Trial briefs are due by **April 11, 2016**.

XI.     SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.  Because the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms.  Each judge has different requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

XII.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XIII.   COORDINATION WITH THE SEVERED *SCHNEIDER* CASE

This further amended status (pretrial scheduling) order shall be equally effective as to Mr. Bieber, the sole defendant severed and remaining in the *Schneider* case, No. 2:12-cv-02457-KJM-KJN.

////

10

1    XIV.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

2               This Status Order will become final without further order of the court unless

3    objections are filed within fourteen (14) *calendar* days of service of this Order.

4               IT IS SO ORDERED.

5    DATED:  October 14, 2014.

6

7                                         UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28