UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HARDESTY and YVETTE HARDESTY,<br><br>   Plaintiffs,<br><br> v.<br><br>SACRAMENTO METROPOLITAN AIR QUALITY MANAGEMENT DISTRICT, et al.,<br><br>   Defendants. | No. 2:10-cv-2414-KJM-KJN |
| JAY SCHNEIDER, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>   Defendants. | No. 2:12-cv-2457-KJM-KJN<br><br>ORDER |

   On June 9, 2016, the court issued an order on the parties' motions for summary judgment in the partially consolidated cases captioned above. Order June 9, 2016, ECF No. 283. Defendant Stephen Testa requests clarification of the court's ruling as to Joseph and Yvette Hardesty's ninth claim, asserted against him among several other defendants. ECF No. 284.

1

1  Defendant Gay Norris also requests the court make clear its reasons for granting her motion for
2  summary judgment on the same claim. *Id.*

3        The Hardestys' ninth claim alleges the defendants substantively deprived them of
4  due process. Second Am. Compl. ¶¶ 192–204, ECF No. 74. In short, they allege the defendants
5  drove their sand and gravel mining operation out of business by arbitrarily enforcing the
6  California Surface Mining and Reclamation Act of 1975 (SMARA), Cal. Pub. Res. Code § 2710
7  *et seq.*, at the behest of legislators and the Hardestys' competitors. The Hardestys did not produce
8  evidence that would allow a rational trier of fact to find defendants Testa or Norris deprived the
9  Hardestys of a constitutionally protected right or intended to drive the mining operation out of
10 business. The court therefore granted summary judgment on the substantive due process claim
11 against both. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) ("To state a substantive
12 due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a
13 constitutionally protected life, liberty or property interest."); *id.* at 1088 ("[O]nly 'egregious
14 official conduct can be said to be arbitrary in the constitutional sense': it must amount to an
15 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental
16 objective.'" (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

17       IT IS SO ORDERED.

18 DATED: June 15, 2016

                                          UNITED STATES DISTRICT JUDGE